J-S12030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN E. SIMPSON | : | |
| | : | |
| Appellant | : | No. 1018 MDA 2018 |

Appeal from the Judgment of Sentence entered July 29, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000936-2015,
CP-40-CR-0000942-2015, CP-40-CR-0001643-2016

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED: AUGUST 19, 2019**

Appellant appeals from Judgment of Sentence entered July 29, 2016, after the Luzerne County Court of Common Pleas reinstated his direct appeal rights *nunc pro tunc* on June 7, 2018.[1] Appellant's counsel has filed a "No merit/***Turner Finley*** Brief"[2] and a Petition to Withdraw.  Upon review, we

---

[1] The counseled Notice of Appeal, filed by Jeffrey A. Yelen, Esq., states that the appeal is "based on the order entered on 7th day of June, 2018, reinstating his appellate rights."  The appeal is, therefore, from the Judgment of Sentence entered July 29, 2016.  We have changed the caption accordingly.

[2] An attorney believing that a direct appeal is frivolous should file a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  When counsel believes an appeal of a PCRA court's determination is without merit, the filing is a letter comporting with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. Super. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). Due to our disposition, we need not review the details of counsel's "No

quash this Appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and deny counsel's Motion to Withdraw as moot.

On January 11, 2016, Appellant entered guilty pleas at two different docket numbers: number 936-2015 (Possession of Firearm Prohibited); and number 942-2015 (Robbery-Threat of Serious Bodily Injury). The court ordered a Pre-Sentence Investigation and scheduled sentencing but ultimately continued the sentencing hearing. On July 29, 2016, Appellant pled guilty at docket number 1643-2016 (Robbery-Threat of Serious Bodily Injury). On July 29, 2016, the trial court sentenced Appellant for all three convictions to an aggregate term of 8-20 years' incarceration.[3] Appellant did not file a post-sentence motion or a direct appeal.

On July 11, 2017, Appellant filed a *pro se* PCRA Petition seeking only the reinstatement of his right to file a direct appeal based on an allegation that his counsel abandoned him. The court appointed Jeffrey Yelen, Esq., as PCRA counsel on March 29, 2018. On June 7, 2018, the PCRA court held a hearing on Appellant's Petition, at which the parties agreed to the

---

merit/**Turner Finley** Letter Brief" to determine whether the Brief submitted here complies with the mandates set forth in **Anders** and **Santiago**.

[3] On docket no. 942 (robbery), the court imposed a term of 4 to 10 years' incarceration; on docket no. 1643 (robbery), the court imposed a consecutive term of 4 to 10 years' incarceration; and on docket no. 936 (possession of a firearm), the court imposed a concurrent term of 3 to 6 years' incarceration.

reinstatement of Appellant's direct appellate rights.[4]  The court entered an Order to that effect that same day.

On June 19, 2018, Appellant filed a counseled Notice of Appeal listing all three docket numbers.[5]  Attorney Yelen filed, simultaneously with the Notice of Appeal,[6] a Motion for the Appointment of New Counsel.  The court thereafter appointed Matthew Kelly, Esq., to represent Appellant in this appeal.  Attorney Kelly filed an ordered Pa.R.A.P. 1925(b) Statement raising one issue:  whether trial counsel was ineffective for failing to object to an error in the PSI report, asserting that his offense gravity score ("OGS") should have been notated as 7 rather than 10.[7]

---

[4] At the PCRA hearing, Attorney Yelen noted that appellant "had indicated to me there may be other PCRA issues but I indicated to him that if a direct appeal was reinstated those are moot pending the resolution of the direct appeal." N.T. PCRA Hearing, 6/7/18, at 2.

[5] Appellant filed only one Notice of Appeal in the lower court, which the court clerk noted in each of the dockets. The actual Notice of Appeal is contained only within the certified record pertaining to docket number 936-2015.

[6] Erroneously, Attorney Yelen stated in the Motion for the Appointment of New Counsel that Appellant's PCRA Petition had been denied.  In fact, the relief sought in the PCRA Petition was granted so that Appellant's direct appeal rights were reinstated *nunc pro tunc*.

[7] The ineffectiveness issue Attorney Kelly raised in the Rule 1925(b) Statement was never raised before the PCRA Court. Appellant Kelly apparently failed to recognize that the appeal upon which his representation was based was a direct appeal from Appellant's Judgment of Sentence after the reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

The trial court responded pursuant to Pa.R.A.P. 1925(a), correctly stating that it was unable to address Appellant's ineffectiveness claim on direct appeal. ***See*** Order and Opinion, dated Nov. 7, 2018, at 3 (citing ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002)). However, the court also concluded that Appellant's claim was without merit because the record showed that Appellant was properly sentenced using an OGS of 10. ***See*** Order and Opinion at 3 n.4 (detailing applicable sentencing guidelines with citation to 204 Pa.Code § 303.15).

Appellate counsel filed a "No Merit/***Turner Finley*** Brief"[8] in which he indicated, without reference to the actual PCRA Petition that *was* filed, that the order in question is "the PCRA court's denial of Appellant's [PCRA] Relief." ***See*** "***Turner Finley*** Brief" at 1.[9]

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. filed June 1, 2018), the Supreme Court of Pennsylvania addressed the issue of filing separate notices of appeal when a single order resolves issues arising on more than one trial court docket. ***See id***. at 971 ("We also hold, however, that prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."); ***id***. at 977 ("While we do not

---

[8] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. Super. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[9] Attorney Kelly states in his "brief" that there was no evidence presented at the PCRA hearing regarding the ineffectiveness claim raised in the Rule 1925(b) Statement, and he is, thus, "unable to formulate an argument and opines that this issue has no merit and requests permission to withdraw as counsel." ***See*** "***Turner Finley*** Brief" at 6.

quash the present appeal in this instance, in future cases [Pa.R.A.P.] 341 (a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.") (footnote omitted) (emphasis added).

Because Appellant filed his appeal after the Supreme Court decided **Walker**, this Court issued an order on July 31, 2018, directing Appellant to show cause why the appeal should not be quashed pursuant to **Walker**. Appellant's counsel replied that **Walker** is distinguishable because that case involved four different criminal defendants where the Commonwealth filed one notice of appeal, whereas in this case, Appellant filed one Notice of Appeal listing the three docket numbers included in the sentencing order. The Court discharged the show-cause order on August 10, 2018.

It is undisputed that, in addition to other numerous errors, Appellant filed a single Notice of Appeal from a Judgment of Sentence filed at three docket numbers. Because Appellant filed his Notice of Appeal after our Supreme Court's decision in **Walker** we must quash this appeal. **See Commonwealth v. Williams**, 206 A.3d 573, 576 (Pa. Super. 2019) (quashing non-compliant notice of appeal filed after **Walker**).

Appeal quashed. Petition to Withdraw denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2019